**FIREWORKS SPECTACULAR, INC. and Piedmont Display Fireworks, Inc., Plaintiffs,**

v.

**PREMIER PYROTECHNICS, INC. and Matthew P. Sutcliffe, Defendants.**

No. Civ.A. 99–2240–GTV.

United States District Court, D. Kansas.

July 24, 2000.

Dennis M. Clyde, Clyde & Wood, L.L.C., Overland Park, KS, for plaintiffs.

Robert S. Tomassi, Loy & Tomassi, P.A., Pittsburg, KS, for defendants.

### MEMORANDUM AND ORDER

VANBEBBER, District Judge.

Plaintiffs filed this action against Defendants alleging misappropriation of trade secrets, breach of employment agreement, and breach of fiduciary duty. On February 23, 2000, the court issued an order preliminarily enjoining Defendants from misappropriating Plaintiffs' customer lists and attempting to sell fireworks to customers of Plaintiffs. *See Fireworks Spectacular, Inc. v. Premier Pyrotechnics, Inc.*, 86 F.Supp.2d 1102 (D.Kan.2000). The case is presently before the court on Defendants' motion for summary judgment (Doc. 82).[1] For the reasons set forth below, the motion is denied.

### I. Summary Judgment Standard

Summary judgment is appropriate if the evidence presented by the parties demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A "genuine" issue of fact exists if the evidence is such that a reasonable jury could resolve the issue either way. *See Adler v. Wal–Mart*

---

1. The court held a hearing on all pending motions in this case on June 2, 2000. Defendants' motion for summary judgment was pending at that time. The court did not issue a ruling on the motion, however, because Defendants requested permission to supplement the motion with evidence from additional depositions that were taken after the motion was filed. The court granted Defendants request, and stated, "[Y]ou'll need to comply with the court's Rule 56.1. Set out what you claim are additional uncontroverted facts." Defendants wholly failed in their supplemental argument (Doc. 111) to comply with the court's directive and, for that reason, the court has not considered the supplemental argument in ruling on Defendants' motion for summary judgment.

*Stores, Inc.,* 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). An issue of fact is "material" if it is essential to the proper disposition of the claim. *See id.* (citing *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505). The court must consider the record, and all reasonable inferences therefrom, in the light most favorable to the party opposing the motion. *See id.*

The party moving for summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See id.* at 670–71 (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). If the moving party will not bear the burden of persuasion at trial, that party "may make its prima facie demonstration simply by pointing out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Id.* at 671 (citing *Celotex,* 477 U.S. at 325, 106 S.Ct. 2548). Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to go beyond the pleadings and set forth specific facts from which a reasonable jury could find in favor of the nonmoving party. *See id.*

## II. Factual Background

The following facts are taken from the summary judgment record, and are either uncontroverted or viewed in the light most favorable to Plaintiffs' case.

Plaintiffs filed a motion for a preliminary injunction in this case on November 15, 1999. After a hearing, the court granted that motion in an order dated February 23, 2000. Pursuant to the order, Defendants were enjoined from "appropriating, copying, using, or disclosing any of plaintiffs' customer lists," including two customer lists that were entered into evidence (Plaintiffs' Exhibits 15 and 17). Defendant Sutcliffe was also enjoined from "soliciting, marketing, promoting, introducing, or attempting to sell products or services to any ... customer listed on Plaintiffs' Ex-

hibits 15 and 17 ... on behalf of Premier Pyrotechnics or any other fireworks provider."

On March 14, 2000, Plaintiffs' counsel drafted a letter directed to Plaintiffs' customers "to advise [them] and place them on notice of the Court's Order and injunction prohibiting the Defendants from engaging in business with [any of the customers listed on Exhibits 15 and 17]." The letter was to be sent to certain customers whose names appeared on those exhibits.

Plaintiffs' counsel forwarded a signed original of the letter to Ann Cooke, office manager for Plaintiffs, with a copy of the court's February 23, 2000 order. Plaintiffs' counsel directed Ms. Cooke to send a copy of the letter, along with a copy of the court's order, to relevant customers listed on Exhibits 15 and 17. To determine those customers to whom the letter and order should be sent, Ms. Cooke was provided with a copy of the exhibits.

Ms. Cooke ultimately sent the letter to eleven customers. In addition to enclosing a copy of the court's February 23, 2000 order, however, Ms. Cooke enclosed a copy of Exhibits 15 and 17. Ms. Cooke testified in an affidavit:

I reviewed both [counsel's] letter and the Memorandum and Order of the Court, which both referred to the customers listed on "Plaintiffs' Exhibits 15 and 17." The copies of the customer [lists] provided to me were copies of the [lists] which were introduced in court and, therefore, included copies of the exhibit stickers. Because of the exhibit stickers and the reference to the exhibits in the Court's Memorandum and Order, I incorrectly assumed and concluded on my own that copies of the list, exhibits 15 and 17, should be included as an enclosure. I was concerned that without including the exhibits with the Memorandum and Order I might be doing something which was not legally correct, or which someone might consider

misleading, since the exhibits were directly referenced in the Court's order.

RKM Fireworks, Inc. was one of the eleven customers who received the letter with the attached exhibits. Upon receiving the letter and the exhibits, the president of RKM Fireworks, Ron Evan, forwarded the same to Defendants. Defendants reviewed the documents and then filed the currently pending motion for summary judgment.

Plaintiffs learned about Ms. Cooke's mistaken disclosure when they received a copy of the motion for summary judgment. Shortly thereafter, Ms. Cooke successfully contacted ten of the eleven customers by telephone, and informed them that they had received a copy of Exhibits 15 and 17 by mistake; that those exhibits constitute Plaintiffs' trade secrets; and that any use or disclosure of the contents of those exhibits was unauthorized. Ms. Cooke also informed them that the originals and any copies of Exhibits 15 and 17 should be returned to Plaintiffs' office immediately. Ms. Cooke was unable to reach the eleventh customer by telephone; however she left messages for him on his answering machine.

In addition, Plaintiffs' counsel sent each of the eleven customers a letter by both first class and certified mail, explaining that the customers had received Plaintiffs' customer lists as a result of mistaken disclosure, and that any use or disclosure of their contents would be deemed a misappropriation of Plaintiffs' trade secrets.

### III. Discussion

In issuing a preliminary injunction in this case, the court concluded that Plaintiffs had shown a substantial likelihood of success on the merits with respect to their trade secrets claim. More specifically, the

court determined that, after a trial on the merits, Plaintiffs' customer lists would likely be deemed protected trade secrets. In its memorandum and order, the court stated:

> Neither party disputes the great amount of time, effort, and energy that it takes to put together the type of customer lists that plaintiffs have compiled. In fact, plaintiffs contend that the lists were compiled over many years and thousands of hours. Moreover, the evidence shows that the customer lists give plaintiffs a competitive advantage in the fireworks industry. Mr. Sutcliffe admits that the customer lists allowed him to immediately solicit customers and engage in competition with plaintiffs without first having to compile a data list of his own, and that he would likely have lost money during the first year without the customer lists. Moreover, Mr. Sutcliffe knew it was the policy of plaintiffs to keep the customer lists secret, and that he was expected to protect them from disclosure.

*Fireworks Spectacular,* 86 F.Supp.2d at 1106.

Defendants contend in their motion for summary judgment that the circumstances surrounding Plaintiffs' customer lists have substantially changed, such that summary judgment should now be entered in their favor on Plaintiffs' trade secrets claim. Specifically, Defendants contend that summary judgment is appropriate because, after Plaintiffs' disclosure of Exhibits 15 and 17, the customer lists no longer constitute trade secrets as (1) they are not kept confidential, and (2) they do not provide Plaintiffs with any commercial advantage in the fireworks industry.[2] The court disagrees.

---

2. The court notes that Defendants' motion for summary judgment is somewhat misguided. Defendants argue that Plaintiffs' disclosure of Exhibits 15 and 17 entitles them to summary judgment on Plaintiffs' entire trade secrets claim; however, Plaintiffs' trade secrets claim, which focuses on alleged misappropri-

ation of customer lists, concerns not only Exhibits 15 and 17, but written notes that Defendant Sutcliffe took "concerning the specifics of customers with whom he came into contact and sales that he made." Defendants wholly fail in their motion to explain why summary judgment is warranted on Plaintiffs'

The Kansas Uniform Trade Secrets Act, K.S.A. § 60–3320 *et seq.* (1994), provides that a "trade secret" is any information "including a formula, pattern, compilation, program, device, method, technique, or process" that "(i) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and (ii) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." § 60–3320(4). Kansas law does not require the holder of a trade secret to maintain its complete secrecy; rather Kansas law requires merely that the holder of a trade secret exercise reasonable efforts under the circumstances to maintain its secrecy. *See* K.S.A. § 60–3320(4); *accord Gates Rubber Co. v. Bando Chem. Indus. Ltd.*, 9 F.3d 823, 849 (10th Cir.1993) (noting that Colorado statute, identical to that at issue in this case, requires the holder of trade secret only to exercise reasonable efforts to maintain its secrecy) (citation omitted). In addition, Kansas law recognizes a possibility for a trade secret to be inadvertently disclosed without ceasing to exist, by defining "misappropriation" to include the "disclosure or use of a trade secret of another without express or implied consent by a person who before a material change of his position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake." *See* K.S.A. § 60–3320(2)(ii)(C).

The court determines that a genuine issue of material fact exists as to whether Plaintiffs' customer lists remain "the subject of efforts that are reasonable under the circumstances to maintain its secrecy." K.S.A. § 60–3320(4). Defendants present-ed evidence showing that Plaintiffs disclosed a significant portion of their customer lists to their customers. Plaintiffs presented evidence, however, that such disclosure was made only to eleven customers, and that such disclosure was the result of a good faith mistake. Moreover, Plaintiffs presented evidence to show that, upon learning of the disclosure, they contacted each of the eleven customers by telephone, mail, or both, and informed them that they had received the customer lists by mistake; that the originals with any copies should be returned to Plaintiffs' office immediately; and that any use or disclosure of their contents would be deemed a misappropriation of Plaintiffs' trade secrets.

The court also determines that a genuine issue of material fact exists with respect to whether Plaintiffs' customer lists continue to provide Plaintiffs with a commercial advantage in the fireworks industry. The Kansas Uniform Trade Secrets Act states that "misappropriation" includes the "disclosure or use of a trade secret of another without express or implied consent by a person who before a material change of his position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake." K.S.A. § 60–3320(2)(ii)(C). There is no evidence in this case that any of the eleven customers who received Exhibits 15 and 17 materially changed his or her position prior to being informed that the exhibits were trade secrets and that knowledge of them had been acquired by mistake. Therefore, assuming that Plaintiffs' customer lists constitute trade secrets, and that Exhibits 15 and 17 were disclosed only as a result of mistake, any use or disclosure of the contents of the exhibits by those eleven customers would

---

trade secret claim insofar as it concerns the notes taken by Defendant Sutcliffe. Moreover, in moving for summary judgment, Defendants seem to ignore the fact that, even if Plaintiffs' customer lists were found to have lost their trade secret status as a result of their recent disclosure, summary judgment

would not be appropriate with respect to Plaintiffs' entire trade secrets claim; Plaintiffs would still have a viable claim against Defendants for any alleged misappropriation that occurred prior to the time that they lost their trade secret status.

provide Plaintiffs with an actionable claim for misappropriation. Under those circumstances, it seems that Plaintiffs' customer lists would continue to provide Plaintiffs with the same commercial advantage as they did prior to their disclosure.

The court concludes that genuine issues of material fact preclude summary judgment in favor of Defendants on Plaintiffs' trade secrets claim.[3]

IT IS, THEREFORE, BY THE COURT ORDERED that Defendants' motion for summary judgment (Doc. 82) is denied.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**

---

**3.** Defendants also contend in their motion that the disclosure of Exhibits 15 and 17 should have an effect on this court's prior decision to preliminarily enjoin Defendant Sutcliffe from soliciting "customers with whom he established a close personal relationship through his employment with plaintiffs." The court finds no merit to this argument and denies the motion accordingly.